IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MICHAEL JOE HORTON, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §     2:11-CV-0182 |
| | § |
| RICK THALER, Director, | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division, | § |
| | § |
| Respondent. | § |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner, a state prisoner confined in the Clements Unit in Potter County, Texas, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody. In 1988, in the 213th Judicial District Court of Tarrant County, Texas, petitioner was convicted of the May 18, 1987 offense of capital murder and received a life sentence. *State v. Horton*, No. 0313545D. In 1996, petitioner was convicted of another May 18, 1987 capital murder offense and was assessed another life sentence. *State v. Horton*, No. 0313543D. Petitioner's second life sentence was ordered to begin when the life sentence in Cause No. 0313545D ceased to operate.

Petitioner seeks the following relief from this Court: (1) immediate release from prison to mandatory supervision or parole; (2) alternatively, the re-opening of prior parole review proceedings or a special review hearing to consider him for parole; or (3) a mandate from this Court instructing the Texas Board of Pardons and Paroles as to the proper laws to utilize in petitioner's

future parole review proceedings.[1]

## GROUNDS

In his application, petitioner contends he is entitled to the above-requested relief because:

1. TDCJ-CID did not review petitioner in 1998 for early release to parole on his first life sentence;[2]

2. Petitioner's parole review proceedings in 2007 and 2010 are invalid because:

    a. The Board twice used the same reason for denying parole in violation of Senate Bill 909;

    b. The Board applied parole laws under a post-offense (post-1987) version of article 42.12 of the Texas Code of Criminal Procedure in violation of the prohibition against ex post facto laws;

    c. Petitioner's parole review file improperly contains incorrect, defamatory, and biased protest letters; and

    d. Respondent's modification of petitioner's begin date for calculating petitioner's sentences was "not on file" with the Parole Department until April 2011, therefore, the parole review hearings held in 2007 and 2010 "could not have possibly been legally and constitutionally correctly held."

In his form habeas application, petitioner advises the Court he is presenting grounds "for the first time in this petition," *viz.*, "violation of article 42.12 VACCP and Senate Bill 909 and application of laws in ex post facto clause manner to the mandatory supervision release of the petitioner Michael Horton."

---

[1] In his application, petitioner also contends the deadly weapon designation with regard to his 1988 conviction should be removed because the jury was not given a deadly weapon special issue. In his response to a Briefing Order, petitioner sets forth the exact relief he seeks in this proceeding and appears to have abandoned this request for relief.

[2] A Commitment Data Form and Inmate Timeslip dated April 7, 2011 indicate TDCJ-CID is using April 23, 1978 as petitioner's begin date for calculating petitioner's sentences. Petitioner contends that using this begin date, petitioner became eligible for release on parole on April 23, 1998 after serving 20 calendar years.

## RELEASE TO MANDATORY SUPERVISION

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).  To the extent petitioner seeks immediate release to mandatory supervision, such requested relief is available in a federal habeas corpus proceeding.

Petitioner claims he is entitled to immediate release to mandatory supervision because "parole officials continue to deny proper special review hearing and proper opportunity to reopen parole case; and to continuously apply new laws – rules – denials – passed after date of crime and conviction which is ex post facto clause violation."  Petitioner's claim that he has any constitutional entitlement to immediate release to mandatory supervision based upon these grounds is without merit.  These grounds appear more applicable to release on parole rather than mandatory supervision.  In any event, petitioner is currently serving cumulative life sentences.  Life-sentenced inmates are <u>not</u> eligible for release to mandatory supervision.  *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002); *Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex.Crim.App. 2001).

Moreover, despite being without merit, petitioner has not properly presented the claim that he is constitutionally entitled to immediate release to mandatory supervision to the Texas Court of Criminal Appeals by asserting such argument in a section 11.07 state habeas corpus petition.  Although petitioner has filed three (3) petitions for state habeas corpus relief , none of the petitions have asserted he is constitutionally entitled to immediate release to mandatory supervision.

Consequently, the state courts have not had the proper opportunity to first review petitioner's claim and this Court is precluded from granting federal habeas corpus without an exhaustion of the remedies available in the courts of the State. *See* 28 U.S.C. § 2254(b).

## OTHER REQUESTED RELIEF

To the extent petitioner contends the Board of Pardons and Paroles has improperly denied him parole and that he is entitled to immediate release to parole, petitioner has failed to assert a claim cognizable in federal habeas corpus proceedings. "Parole" is the "discretionary and conditional release of an eligible prisoner sentenced to the institutional division so that the prisoner may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." Tex. Gov't Code § 508.001(6). According to the TDCJ-CID online Offender Information Detail, petitioner became eligible for release on parole on June 11, 2007. Release from "confined" custody in the form of parole to serve the remainder of one's sentence outside prisons walls, subject to specific conditions, is left solely to the discretion of the Board of Pardons and Paroles. Because the decision whether to parole or not to parole is discretionary, prisoners in Texas possess no constitutionally protected right to release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 422 U.S. 1, 7 (1979); *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993). As there is no constitutional right to expectancy of, or liberty interest in obtaining, parole in Texas, it follows that a petitioner cannot complain of the constitutionality of procedural devices attendant to parole decisions. *Orellana v. Kyle*, 65 F.3d at 32. Consequently, to the extent petitioner claims he is entitled to immediate release from

confinement to parole, his claim does not provide a basis for federal habeas corpus relief as no constitutional violation has occurred. Because petitioner possesses no liberty interest in obtaining release on parole, petitioner fails to present a cognizable constitutional claim.

Petitioner also seeks relief in the form of a re-opening of his prior parole review proceedings or a special parole review hearing to consider him for parole. Again, federal habeas corpus relief provides a remedy to inmates seeking immediate release or a speedier release from imprisonment. Re-opening of petitioner's prior parole review proceedings or a special parole review hearing will not invariably result in petitioner's speedier release from imprisonment. Not only is the decision of whether to parole or not to parole discretionary, service of petitioner's second life sentence will preclude his immediate release from confinement. Petitioner has not presented a request for relief available through federal habeas corpus.

Petitioner also appears to request an Order from this Court instructing the Parole Board as to the proper laws to utilize in petitioner's future parole review proceedings. Again, federal habeas corpus provides relief for effecting immediate or speedier release from imprisonment and does not provide for the declaratory or prospective injunctive relief sought by petitioner. *See Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242 (2005). Petitioner's requested relief would not result in his release from confinement. Consequently, petitioner's request fails to state a recognized and/or proper claim for relief under federal habeas corpus. *Cf. Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987); *see also Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) ("Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions.").

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner MICHAEL JOE HORTON be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of April 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).